United States District Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MELVIN THOMAS, § | |
| § | |
| *Plaintiff,* § | |
| v. § | CIVIL ACTION NO. 4:21-cv-1670 |
| § | |
| UNITED STATES OF AMERICA, *et al.*, § | |
| § | |
| *Defendants.* § | |

### ORDER

Before the Court is the United States of America's ("Government" or "Defendant") Motion for Summary Judgment (Doc. No. 29). Plaintiff Melvin Thomas ("Thomas" or "Plaintiff") responded in opposition (Doc. No. 32), and the Government replied (Doc. No. 33). Having considered the briefings and applicable law, the Court hereby **DENIES** the Government's Motion for Summary Judgment.

### I. Background

This case arises out of a Federal Tort Claims Act ("FTCA") related vehicular accident that occurred in Harris County, Texas on October 16, 2019. Plaintiff was the passenger of a truck that was stopped at a stop sign. Prince West ("West"), an employee acting within the scope of his employment with the United States Postal Service ("USPS"), was slowing down to stop his USPS vehicle when he rear-ended the truck that the Plaintiff occupied. Plaintiff alleges he suffered injuries to his neck, upper back, and lower back following the accident.

The Government filed this Motion for Summary Judgment, arguing Plaintiff has failed to properly "designate" experts to support causation and the necessity and reasonableness of his medical expenses (Doc. No. 29). Plaintiff responded in opposition (Doc. No. 32) and the Government replied (Doc. No. 33).

1

## II. Legal Standards

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III. Analysis

A. <u>Causation</u>

Plaintiffs assert claims for negligence and negligence per se. Proximate cause is an essential element of these claims. The Government maintains that it is entitled to summary

judgment because Plaintiff is unable to prove causation. (Doc. No. 29 at 9). The Government advances two arguments: (1) the nature of Plaintiff's alleged injuries require expert medical testimony to show causation; and (2) Plaintiff has not sufficiently designated experts to testify as to causation of his injuries and the necessary expert materials to support this testimony as required under Rule 26.

First, the Government notes that Plaintiff was also involved in a motor vehicle accident in 2017 that involved the same injuries alleged in this case—neck, upper back, and lower back pain— and that his medical records indicate there is no evidence of worsening of these injuries since 2017 MRI following that accident. (Doc. No. 29-3). The Defendant maintains that since the specific injuries Plaintiff experienced in the 2019 accident must be distinguished from those remaining from Plaintiff's 2017 accident to properly establish causation, Plaintiff's lack of expert testimony and evidence based upon his designation as to this issue demonstrates that he cannot link his alleged injuries to the accident in dispute.

Second, the Government contends that Plaintiff has chosen to solely rely upon non-retained experts but failed to provide a complete statement of all of these experts' opinions, their qualifications, and the basis for their opinions as required under Rule 26(a)(2). (*See* Doc. No. 12). Plaintiff, has produced all medical records and affidavits, presumably from the custodians of the records, on August 31, 2021 and August 30, 2022 respectively. (Doc. No. 32 at 7-8). According to the Government, Plaintiff's disclosures list Plaintiff's eight separate healthcare providers and offices, broadly identifies "[a]ll Medical Providers and/or Custodian of Records" at these facilities, fails to identify when the providers treated Plaintiff, what they treated Plaintiff for, the relevant medical records related to each physician, and the substance of the provider's opinions outside of boilerplate and conclusory language. (Doc. Nos. 29 at 11; Exhibit 6).

Finally, the Government notes that even if Plaintiff's expert disclosures were not deficient, Plaintiff is unable to prove causation. According to the Government, it is undisputed that Plaintiff had pre-existing injuries to his neck, upper back, and lower back at the time of the accident. Moreover, Plaintiff testified that he could not recall if all of his medical providers were aware of his prior accident in 2017 and could not identify any providers who could differentiate between the injuries caused by the respective accidents. (Doc. No. 29-2 at 155-60). To further support these contentions, the Government notes that at least two of Plaintiff's non-retained experts had no knowledge of his medical history and at least one expert opined that there was no evidence that Plaintiff's current injuries were caused or worsened by this accident. (Doc. No. 29 at 12).

In response, Plaintiff maintains that his own testimony, in addition to his medical records, create a genuine dispute of material fact as to causation. (Doc. No. 32 at 10). First, Plaintiff argues that he may testify as a layman to the pain he experienced following the accident. Second, based on his medical records—which Plaintiff produced in a timely fashion—Plaintiff contends that he went through various treatments with the providers he Plaintiff argues that even if he is unable to call his treating physicians as experts, these providers should still be permitted to testify about facts related to his clinical presentation and treatment. (*Id.* at 12).

Plaintiff also argues that contrary to the Government's arguments indicating otherwise, his Designation of Expert Witnesses (Doc. No. 22) satisfied the Rule 26(2)(C) standard. (*Id.* at 16). According to Plaintiff, the designation supplied sufficiently specific information to the Government about what providers Plaintiff anticipated he would call to testify at trial, the facts their opinions would be based on, and what these opinions were. Moreover, Plaintiff contends that Defendant has not moved to strike Plaintiff's designation, designated its own experts to counter Plaintiff's medical theories, and never asked to depose Plaintiff's experts.

4

Although the Government has characterized its motion as a Motion for Summary Judgment, it focuses on attacking the alleged inadequacy of Plaintiff's expert designations as the basis of its arguments, rather than going to the merits of whether Plaintiff has evidence to create a genuine dispute of material fact as to causation and medical expenses. There are better suited means to attack the alleged inadequate expert designation than a Rule 56 motion. Nevertheless, the Court will address the motion as pleaded.

Under Texas law, the general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors. *Guevara v. Ferrer*, 247 S.W.3d 662, 663 (Tex. 2007) (citing *Ins. Co. of N. Am. V. Myers*, 411 S.W.2d 710, 713 (Tex. 1996)). Lay testimony, however, is adequate in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition. *Id.* (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1994)).

Moreover, Plaintiff appears to have complied with the requirements of Rule 26. As non-retained experts, Plaintiff was only required to provide disclosures that state "the subject matter on which the witness is expected to present evidence," and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). In Plaintiff's expert designation, it states, "The individual(s) identified below provided health care to Plaintiff and may be called as fact and expert witnesses to express opinions regarding their examination, diagnosis, care, and treatment of Plaintiff, his medical and physical condition, prognosis, damages and *proximate causation* of any injuries to Plaintiff within their areas of expertise." (Doc. No. 22 at 1) (emphasis added). Accordingly, to the extent the Government's arguments pertaining to causation are based upon the inadequacy of Plaintiff's expert designations, they are overruled.

Further, the Government's claim that "Plaintiff has not sufficiently designated experts" and "has not identified any retained experts and has chosen to solely rely upon non-retained experts" to link his alleged injuries to the car accident does not necessarily mean that Defendant's motion for partial summary judgment as to causation in general must be granted. (Doc. No. 29 at 11). Plaintiff may lack causation testimony from an expert that may be needed to support certain claims of damages, but under Texas law, a plaintiff is still permitted to provide lay testimony of his injuries and any pain and suffering he has experienced. Plaintiff has alleged suffering neck, upper back, and lower back pain following the accident. Based on the limited record before it, the Court cannot find as a matter of law that the pain Plaintiff experienced necessarily requires an expert treating physician to explain that he perceived, felt, or experienced pain following the accident. To the extent that a jury believes that testimony, it could theoretically support a verdict. Obviously, Plaintiff can only testify as a lay individual. As such, any injuries requiring expert testimony, such as the specific diagnosis of injuries attributable to the 2017 accident as opposed to the 2019 accident, are beyond a lay person's expertise.

Accordingly, this Court overrules the Government's claim that it is entitled to summary judgment based upon the relative merits of Plaintiff's expert designation. The Court also denies the Government's Motion for Summary Judgment as to causation to the extent it attempts to preclude Plaintiff from testifying as to his own condition as he perceived it following the accident.

B. Medical Expenses

Under Texas law, a plaintiff bears the burden of proving the actual amount, necessity, and reasonableness of her past medical expenses. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004); *Monsanto Co. v. Johnson*, 675 S.W.2d 305, 312 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e). "Traditionally, expert testimony was the only acceptable

6

means of proving the reasonableness and necessity of past medical expenses. *Rahimi v. United States*, 474 F.Supp.2d 825, 826 (N.D. Tex. 2006) (citing *Castillo v. American Garment Finishers Corp.*, 965 S.W.2d 646. 654 (Tex. App.—El Paso 1998, no pet.)). Following the enactment of TEX. CIV. PRAC. & REM. ANN. § 18.001, the Texas Legislature permitted plaintiffs to submit affidavits to prove the necessity and reasonableness of medical expenses. *See id.* § 18.001.

The Government argues that it is entitled to summary judgment because Plaintiff is unable to prove that his past medical expenses were reasonable and necessary. (Doc. No. 29 at 13). According to the Government, Plaintiff has made no disclosures of retained experts, and for non-retained experts, has only provided boilerplate disclosures. (*Id.* at 14). Although Plaintiff has provided invoices to justify his claims for damages, the Government maintains that he has not properly designated an expert to testify as to the necessity and reasonableness of those expenses. (*Id.*; Doc. No. 29-5). The Government further argues that although Plaintiff has provided § 18.001 affidavits that purport to establish the reasonableness and necessity of his medical expenses, courts in this district have "joined the emerging consensus of district courts sitting in Texas to hold that [affidavits to prove the reasonableness and necessity of medical treatment] does not apply in federal court." (*Id.* at 15) (quoting *Rivera v. Autotransportes Frontereizos, M.G., S.A. De C.V.*, 2022 WL 3069290 (S.D. Tex. Aug. 3, 2022)). Assuming that Plaintiff has failed to provide expert reports addressing the necessity and reasonableness of his past medical expenses as required by Rule 26(a)(2)(B) and that Section 18.001 affidavits fails to cure the lack of expert testimony, the Government argues that it is entitled to summary judgment.

In response, Plaintiff argues that Defendant's arguments fail to raise a summary judgment argument because they attack the sufficiency of his expert designations, rather than whether there is evidence to raise an issue of material facts. (Doc. No. 32 at 16). Specifically, Plaintiff explains

that he supplied § 18.001 affidavits for each medical bill he intends to introduce into evidence, but does not intend to rely on them to prove medical costs at trial. (*Id.* at 17). Moreover, Plaintiff's expert designation stated his intention to call experts to opine about his past medical expenses during trial. This, combined with the § 18.001 affidavits, Plaintiff argues, supplies the necessary specificity about which charges Plaintiffs' experts found reasonable and necessary.

Again, this Court interprets the Government's motion as focusing on the Plaintiff's designation, rather than the more commonly seen issue of whether there is any evidence at all. To the extent that the Government argues that Plaintiff's § 18.001 affidavits, on their own, may not prove up the reasonableness and necessity of Plaintiff's medical expenses, this Court agrees. § 18.001 is a procedural act and not applicable in federal court. *Haygood v. De* Escabedo, 356 S.W.3d 390, 397 (Tex. 2011); *see also Escobar v. Duke Realty Corp.*, 2021 WL 1326285, at *3 (S.D. Tex. April 8, 2021) (Miller, G.); *Espinoza v. State Farm Mut. Auto. Ins. Co.*, No. 7:19-cv-00299, 2020 WL 4333558, at *7 (S.D. Tex. July 28, 2020) (Alvarez, J.); *Akpan v. U.S.*, No. CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (Atlas, J.); *Jones v. QuikTrip Corp.*, No. 3:19-CV-2671-D, 2020 WL 6149967, at *2 (N.D. Tex. Oct. 20, 2020). Moreover, to the extent the Government advances this argument, the Court also finds that although a custodian of Plaintiff's medical records, unless otherwise qualified by evidence of expertise, is permitted to provide evidence that might establish them as business/medical records, a records custodian is not normally an expert who is permitted to testify as to the reasonableness or necessity of Plaintiff's medical expenses. Should this case proceed to trial, however, if properly disclosed, Plaintiff's treating physicians, assuming they have the requisite background, may opine as to and prove the reasonableness and necessity of Plaintiff's medical expenses. To the extent that the Government

8

argues it should be granted summary judgment on medical expenses based on alleged inadequacies of Plaintiff's expert designations, the motion is denied.

## IV. Conclusion

For the foregoing reasons, this Court hereby **DENIES** the Government's Motion for Summary Judgment without prejudice (Doc. No. 29). The Court notes, however, that the Government's argument regarding § 18.001 is correct and that it will not permit Plaintiff's § 18.001 affidavits to suffice as proof of the reasonableness and necessity of Plaintiff's medical expenses.

Signed at Houston, Texas, this 27 day of April, 2023.

Andrew S. Hanen
United States District Judge